IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM M. HALL,<br>  Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 22-CV-4094 |
| THOMAS CARNY,<br>  Defendant. | :<br>:<br>: |

**MEMORANDUM**

**KENNEY, J.**                                  **JANUARY 13, 2023**

  Plaintiff William M. Hall, currently confined at Chester County Prison, filed this *pro se* action alleging violations of his civil rights. Hall seeks leave to proceed *in forma pauperis*. For the following reasons, Hall will be granted leave to proceed *in forma pauperis* and the Complaint will be dismissed with prejudice.

**I.  FACTUAL ALLEGATIONS**[1]

  The factual allegations set forth in Hall's Complaint are sparse. He alleges that he is a pretrial detainee who is "waiting for court." (Compl. at 3.) It appears that Hall was found to be in violation of his probation for not participating in a sexual offender program. (*See id.*, "PO Thomas Carny has violated me on a PV of not doing my SOP program but I did at [SCI] Rock View.") Hall claims that "PO Thomas Carny has charged me with contact with miners [sic] but I told my girl not to put are [sic] daughter on the video." (*Id.*) He claims that his right to a fair trial was violated and that, presumably Defendant Carny, abused his power. (*Id.* at 4.) Hall seeks release from custody and that Carny be terminated from his employment. (*Id.* at 5.)

---

[1] The allegations set forth in this Memorandum are taken from Hall's Complaint. The Court adopts the pagination supplied by the CM/ECF docketing system.

## II.     STANDARD OF REVIEW

The Court grants Hall leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." (internal quotations omitted)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Hall is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.    DISCUSSION

Hall asserts claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state

---

[2] However, as Hall is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  However, Hall seeks immediate release from confinement.[3]  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  See *Leamer v. Fauver*, 288 F.3d 532, 544 (3d Cir. 2002) (explaining that "whether *Preiser* and its progeny require a claim to be brought under habeas" is determined by whether "the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor"); *see also Williams v. Consovoy*, 453 F.3d 173, 176-77 (3d Cir. 2006) (noting that challenge to the fact of confinement seeking release based on allegedly defective parole revocation procedures may not proceed because proper vehicle for such claims is petition for writ of habeas corpus).

Hall cannot pursue his request for release in a civil rights action such as this one and, rather, must file a habeas corpus petition if he seeks release on the basis that his confinement is unconstitutional.  *See generally* 28 U.S.C. § 2241.  Accordingly, Hall's claims are not plausible and will be dismissed.  *See Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a

---

[3] Hall also seeks the termination of Defendant Carny's employment.  (*See* Compl. at 5.)  The Court is not empowered to grant such relief.  *See Buskirk v. Pennsylvania Bd. of Prob. & Parole*, Civ. A. No. 22-1826, 2022 WL 4542094, at *1-2 n.4 (E.D. Pa. Sept. 28, 2022) (construing plaintiff's request for the court to terminate the defendants' employment as seeking injunctive relief and holding that the court has no authority to terminate the employment of a state employee) (citing *Teal v. Moody*, Civ. A. No. 15-1402, 2019 WL 6702405, at *1 (M.D. Fla. July 10, 2019) ([T]o the extent Teal suggests that this Court reprimand the Defendants and/or terminate their employment, this Court does not have the authority to reprimand state employees and/or terminate their employment.") and *Theriot v. Woods*, Civ. A. No. 09-199, 2010 WL 623684, at *4-5 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]")).  Accordingly, any claim for injunctive relief is not plausible and is dismissed with prejudice.

plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies.").[4]

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Hall's Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Hall will not be given leave to file an amended complaint because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

/s/ Chad F. Kenney

**CHAD F. KENNEY, J.**

---

[4] Nothing about this dismissal precludes Hall from filing a petition for a writ of habeas corpus should he choose to do so. *See Rushing v. Pennsylvania*, 637 F. App'x 55, 58 n.4 (3d Cir. 2016) (*per curiam*) (noting dismissal of § 1983 case "should not constitute a bar to any collateral attacks by Rushing against his state proceedings."). The Court expresses no opinion on any claims Hall might raise.